# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL J. FRENCH,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC. and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>        Defendants. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION TO GRANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS AND MOTION FOR INJUNCTION**<br><br>Civil No. 2:10-CV-00527 DB<br><br>District Judge Dee Benson<br>Magistrate Judge David Nuffer |

District Judge Dee Benson referred this case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) calling for a report and recommendation for the proper resolution of dispositive matters.[1] Plaintiff American Airlines, Inc. (American) has submitted a motion to dismiss Defendant Michael J. French's complaint dated June 7, 2010 and also moves for an injunction preventing Mr. French from submitting additional complaints against American containing the same subject matter as his previously dismissed complaints without obtaining prior permission from the court.[2] The Magistrate Judge recommends that the case be dismissed and that proper sanctions be imposed.

## I. PROCEDURAL BACKGROUND

Mr. French, a former ramp worker with American, is suing American for damages allegedly caused by American's fraudulent handling of his Worker's Compensation claim. Mr.

---

[1] Order of Reference, docket no. 2, filed June 09, 2010.

[2] American Airlines, Inc.'s Motion to Dismiss and Motion for Limited Injunction, docket no. 8, filed June 28, 2010.

French previously filed two other complaints against American. In a complaint filed on August 25, 2008, Mr. French asserted civil rights violations and conspiracy to commit fraud.[3] On February 20, 2009, Mr. French's filed his second complaint, alleging an employment discrimination claim[4]. On June 2, 2009, Judge Ted Stewart issued a decision and order (the June 2009 Decision) granting American's motion to consolidate the two cases, and granting American's motion to dismiss the consolidated case.[5] In the present case, Mr. French has filed another complaint against American, asserting the claims of employment discrimination, fraud, and improper handling of his Worker's Compensation claim.[6]

## II. FACTUAL BACKGROUND

Mr. French's Worker's Compensation claim arises from an injury on December 20, 2004. Mr. French alleges he was loading heavy luggage onto a plane when he felt something pop in his back.[7] In April of 2005, Mr. French complained of neck pain and began receiving medical treatment for that pain.[8]

Mr. French filed an application for hearing on May 13, 2005. The Administrative Law Judge for the Utah Labor Commission found that Mr. French had demonstrated causation for the back injury but not the neck injury, and the claims related to the neck injury were dismissed with prejudice.[9] Mr. French then appealed the decision to the Utah Labor Commission Appeals

---

[3] Case No. 2:08-CV-638 TS.

[4] Case No. 2:09-CV-158 TS.

[5] *French v. American Airlines*, No. 2:08-cv-638 TS (D. Utah June 2, 2009) (Memorandum Decision and Order Granting American Airlines' Motion to Consolidate, Consolidating Cases, Granting American Airlines' Motion to Dismiss, and Dismissing Case) (June 2009 Decision).

[6] Complaint , docket no. 1, filed June 7, 2010.

[7] American Airlines, Inc.'s Memorandum in Support of Its Motion to Dismiss and Motion for Limited Injunction (Memorandum in Support) at 2, docket no. 9, filed June 28, 2010.

[8] *Id.*

[9] *Id.*

Board, which affirmed the decision.[10] Mr. French then appealed to the Utah Court of Appeals. On July 3, 2008, the Court of Appeals sua sponte dismissed the appeal based on the lack of substantial question for review.[11] On August 10, 2009, Mr. French filed a Motion to Readjudicate in the Utah Labor Commission.[12] The Administrative Law Judge denied the motion on February 11, 2010, holding that Mr. French's fraud and tort claims were not properly before the Labor Commission, that he already had the opportunity to have his Worker's Compensation claim fully adjudicated, and that the doctrine of res judicata prevented the case from being reheard.[13]

### III. MOTION TO DISMISS

American moves to dismiss Mr. French's complaint because it is barred by res judicata or claim preclusion. "Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action."[14] "To apply the doctrine of res judicata, three elements must exist: (1) a judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."[15]

"A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full *res judicata* effect."[16] The June 2009 Decision granted American's motion to dismiss because Mr. French had failed on each of his claims to state a

---

[10] *Id.*

[11] *French v. American Airlines,* 2008 UT App 260.

[12] Memorandum in Support at 3.

[13] Order Denying Motion to Readjudicate Case, Case No. 05-0466, attached as Ex. A to Memorandum in Support.

[14] *N. Natural Gas Co. v. Grounds,* 931 F.2d 678, 681 (10th Cir. 1991).

[15] *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997).

[16] *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994).

claim on which relief could be granted.[17] As such, Mr. French has received a final judgment on the merits in an earlier action. Moreover, there is an identity of parties – American and Mr. French were parties in both suits.

Under these circumstances, res judicata bars Mr. French's instant case if it is based on the same causes of action as his earlier suits. In making this determination, the Tenth Circuit has adopted the transactional approach.[18] "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation."[19]

Mr. French's earlier cases alleged three causes of action: civil rights violations, fraud, and the improper handling of a Worker's Compensation Claim.[20] Each of these claims arose from Mr. French's December 20, 2004 injury. Mr. French now alleges thirteen "Counts" in his complaint[21] which fall c into three categories: civil rights violations (Counts 7, 11); fraud (Counts 4-6, 8-10, 12-13);, and the improper handling of a Worker's Compensation claim (Counts 1-3, 13). The "Counts" in Mr. French's present complaint are nearly identical to his earlier claims filed in this court, with nearlyidentical causes of action. Even if Mr. French has submitted new claims, the claims or legal theories of recovery all arise from the same event or occurrence—Mr. French's December 20, 2004 injury. Any claim or legal theory of recovery asserted after the June 2009 decision arising from Mr. French's December 20, 2004 injury is

---

[17] June 2009 Decision at 6-11.

[18] *Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d 1329, 1335 (10th Cir.1988).

[19] *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

[20] June 2009 Decision at 7.

[21] Complaint at 5-7.

barred from subsequent litigation. The magistrate judge therefore recommends dismissal of this complaint.

## IV. SANCTIONS

American has requested the court issue an injunction preventing Mr. French from submitting additional complaints against American containing the same subject matter as his previous complaints without obtaining prior permission from the court. French has submitted repetitive filings against American in both state and federal court. French had his claim heard by the Administrative Law Judge, filed a Motion to Review that decision with the Appeals Board of the Labor Commission, appealed that decision to the Utah Court of Appeals, and then filed a Motion for Re-adjudication with the Utah Labor Commission.[22]

Prior to this current case, Mr. French filed two earlier federal complaints.[23] Judge Stewart considered Mr. French's complaints and issued a decision.[24]

It is well-settled that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[25] It is within the inherent powers of the court to impose appropriate restrictions on abusive litigation.[26] Every paper filed with this court, no matter how repetitious or frivolous, requires some portion of the court's limited resources.[27] The court has the responsibility to allocate its limited resources in a manner that promotes the interests of

---

[22] Order Denying Motion to Readjudicate Case, Case No. 05-0466, attached as Ex. A to Memorandum in Support.

[23] *See* Case Nos. 2:08-CV-638 TS and Case No. 2:09-CV-158 TS.

[24] June 2009 Decision.

[25] *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989).

[26] *See Ketchum v. Cruz,* 961 F.2d 916, 921 n.4 (10th Cir. 1992) (citing *In re McDonald,* 489 U.S. 180 (1989)).

[27] *See In re McDonald*, 489 U.S. at 184.

justice, and the continual processing of Mr. French's repetitive lawsuits does not promote that end.[28]

Because Mr. French fails to acknowledge the claim preclusive effect of the June 2009 decision by continuing to file claims against American arising from his December 20, 2004 injury, and after examining the extreme similarities in this case and Mr. French's previous cases, the magistrate judge recommends that the court impose restrictions upon Mr. French's future filings against American in this court.

## RECOMMENDATION

For the reasons discussed, it is recommended that the district court GRANT American Airlines, Inc.'s motion to dismiss and motion for injunction.[29] The magistrate judge recommends that the district judge enter an order restricting Mr. French's future filings against American, in substantially the following form:

> IT IS HEREBY ORDERED that Michael J. French is ENJOINED from proceeding as a plaintiff against American Airlines, Inc. for any claim arising out of Mr. French's December 20, 2004 injury without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed *pro se*. To do so, he must present the following documents:
> 1. Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action. Mr. French shall attach a copy of this Order to the petition. The petition shall include a list of all lawsuits in the United States District Court for the District of Utah, Tenth Circuit Court of Appeals and state courts in which Mr. French is or was a party; name and citation of each case; and status or disposition of each case. The Petition shall also contain Mr. French's mailing address.
> 2. A copy of the complaint or claims sought to be filed with the court with the applicable fee. The complaint must comply with the Federal Rules of Civil Procedure and all Local Rules of Practice.
> These documents shall be presented to the Clerk of the Court, who shall forward them to the Chief Judge for review. In making a determination whether to allow Mr. French to proceed *pro se*, the Chief Judge shall consider whether Mr. French has fully

---

[28] *See id.*

[29] American Airlines, Inc.'s Motion to Dismiss and Motion for Limited Injunction, docket no. 8, filed June 28, 2010.

complied with this Order; whether the complaint complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; whether the complaint is frivolous, abusive, harassing or malicious; and whether the claims have been previously raised and disposed of by any federal or state court. If the court enters an order granting the petition, the Clerk of the Court shall file the complaint and materials as of the date of the order. If the Chief Judge does not approve the petition, the material submitted shall be returned via U.S. Mail to the address provided by Mr. French.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation.[30] The District Judge will make a de novo determination of the specific objections by the parties. The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part. Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

Dated November 1, 2010.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[30] 28 U.S.C. § 636(b)(1) (2010).